UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAUK-SUIATTLE INDIAN TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN RYSER, Acting Director of the Washington State Department of Revenue,<br><br>Defendant. | Case No. C22-01723-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant John Ryser's Motion to Dismiss under Rule 12(b)(6), Dkt. #9. Plaintiff Sauk-Suiattle Indian Tribe ("the Tribe") has filed an opposition brief. Dkt. #10. No party has requested oral argument. For the reasons stated below, the Court GRANTS this Motion and dismisses Plaintiff's claims with leave to amend.

## II.  BACKGROUND

The Court will accept all facts stated in the three-page Amended Complaint, Dkt. #5, as true for purposes of this Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Plaintiff is a federally recognized tribal nation. Defendant is the Director of the Washington State Department of Revenue. Plaintiff seeks "declaratory and injunctive relief enjoining defendant Ryser and those acting at his direction or control from subjecting it to imposition of Washington State Retail Sales Taxes upon products purchased by plaintiff and its members for delivery to, and for use and consumption within, the Sauk-Suiattle Indian Reservation." Dkt. #5 at 1.

The Tribe and its members regularly purchase items online for delivery to the reservation. Defendant collects sales tax for such sales. The sales tax money goes to provide services at the state and local government level; no such services are provided to the Sauk-Suiattle Reservation.

Plaintiff alleges that Defendant allows visitors from states which do not impose a sales tax, such as Oregon, to obtain a sales tax refund simply by providing proof of residency. *Id*. at 4. Plaintiff and its members can also qualify for such a refund, but Defendant requires that any goods purchased be delivered by the seller to the Tribe's reservation. *Id*. This subjects Plaintiffs to delivery fees not required for Oregon residents, and the fees often exceed any benefit of the refund.

The Amended Complaint contains no clear causes of action or violations of law until its very last sentence. The above conduct of Defendant is simply titled "discrimination." *Id*. Under "Claims for Relief," Plaintiff asks the Court to declare "that the imposition and collection of the retail sales tax administered by defendant from plaintiff upon items purchased remotely by plaintiff is unlawful." *Id*. at 5. In the final paragraph, Plaintiff asks the Court to declare that the above different rules between Oregon residents and Plaintiff "denies plaintiff equal rights to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

enjoyment of property as is enjoyed by other citizens, in violation of 42 U.S.C. §§ 1981 and 1982." *Id*.  No further explanation is provided.

### III.   DISCUSSION

A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id*. at 570.

B. Analysis

Washington law requires a seller to collect retail sales tax from the purchaser when making a "retail sale."  RCW §§ 82.08.020; 82.08.050.  RCW § 82.08.0254 states "[t]he tax levied by RCW 82.08.020 shall not apply to sales which the state is prohibited from taxing under the Constitution of this state or the Constitution or laws of the United States."  Washington recognizes that federal law preempts the State from taxing Tribes or tribal members within their Indian Country.  WAC § 458-20-192(1)(a).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

42 U.S.C. § 1981 provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Defendant John Ryser, represented by the Attorney General of Washington State, argues that the Amended Complaint is short on facts and incorrect about the law. Dkt. #9 at 1. For example:

> …the Tribe claims violations of two statutes, 42 U.S.C. §§ 1981 and 1982 based on differences between Washington's tribal sales tax exemption and nonresident sales tax exemption. In particular, the Tribe points out that unlike with the tribal sales tax exemption, there is no delivery requirement for the non-resident sales tax exemption. The Tribe, however, fails to allege sufficient facts showing that the eligibility for a sales tax exemption is an activity protected under either statute, or that discrimination has occurred when nonresidents are not similarly situated to the Tribe or its members.

*Id*. at 2.

Defendant gets ahead of himself by improperly introducing facts outside the pleading. *See id*. at 3 ("…the Department has provided guidance in an online Indian Tax Guide on transactions with Tribes and their members, as well as created a form for retailers to document exempt purchases made by Tribes or their members…. The Department also has established a specific process for Tribes and their members to receive a refund when retailers collect sales tax in error.").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

Defendant then argues that to state a cause of action under § 1981, the Tribe must allege that (1) it is member of a protected class, (2) the Defendant intended to discriminate on the basis of race, and (3) the Defendant's discrimination interfered with a protected activity within the statute. Dkt. #9 at 10 (citing *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 114-48 (9th Cir. 2006); *De Horney v. Bank of America Nat'l Trust & Sav. Assoc.*, 879 F.2d 459, 467 (9th Cir. 1989); *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2nd Cir. 2000)). According to Defendant, the Complaint "fails to allege sufficient facts showing that the Department engaged in intentional, racially motivated, discrimination." *Id*. at 13. Defendant maintains that none of the Tribe's allegations fall within § 1981's provision that persons "be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other" because the tax exemption at issue is a benefit, not a tax. *Id*. Defendant generally argues that the Complaint lacks sufficient facts or analysis to plausibly allege a violation of this law. Similarly, Defendant contends the Tribe fails to state a claim for which relief can be granted under 42 U.S.C. § 1982. While § 1982 protects different types of activities than § 1981, courts have construed the two statutes similarly. *See Choudhury v. Polytechnic Institute of New York*, 735 F.2d 38, 43 n.5 (2nd Cir. 1984).

In Response, the Tribe addresses the Rule 8 pleading standard but not *Twombly* or *Iqbal*. *See* Dkt. #10 at 1–2. The Tribe states it "is not challenging Washington's sales tax exemption *per se*, but rather the *manner* in which defendant administers and *implements* it, by requiring products purchased to be delivered to the tribe's reservation by someone other than the tribal purchaser, a process not required of purchasers residing in other jurisdictions which do not impose sales taxes." *Id.* at 2 (emphasis in original). The Response brief includes much-needed analysis and explanation of what is and is not being alleged.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

On Reply, Defendant states "it is now clear that the Tribe's real challenge is to the Department's refund process, but the Tribe has not pleaded any facts alleging that it or its members actually availed themselves of this process and were denied a refund." Dkt. #11 at 1.

The Court agrees with Defendant that the Tribe has failed to state a claim under Rule 12(b)(6). There are insufficient facts to plausibly allege a claim that Defendant's tax refund process violates any law; *e.g.*, the Tribe has not pled that it or its members actually availed themselves of this process and were denied a refund. The Amended Complaint also fails to adequately plead violations of the only other laws cited, 42 U.S.C. § 1981 and § 1982. The threadbare pleadings barely address how Defendant violated these statutes. Some necessary elements of these claims have no factual support. For example, there are no facts demonstrating an intent to discriminate. To survive a 12(b)(6) motion, the Tribe must put these facts in the pleadings and cannot simply rely on arguments in responsive briefing.

Considering all of the above, the claims in the Amended Complaint are properly dismissed for failure to state a claim under Rule 12(b)(6).

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Court questions whether all of these claims can be cured. The Tribe does not appear to be alleging that it was improperly denied a refund, or that the refund process should not exist. The only clear allegation is that its members should not be required to have internet purchases delivered to the reservation to obtain the sales tax refund. However, when the Tribe or its members go beyond the reservation to make a purchase, they are subject to sales tax just

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

like any other Washington resident would be, and there is no clear allegation that such violates the law. *See Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148-49, 93 S. Ct. 1267, 36 L. Ed. 2d 114 (1973) ("[a]bsent federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to non-discriminatory state law otherwise applicable to all citizens of the state."). The Tribe appears to argue that it and its members should be able to buy things online, have them delivered off reservation, and qualify for the refund. Or that it and its members should be able to buy things in person off the reservation and qualify for the refund. Either way, such would appear to run afoul of existing law. Given the complexity of the issues and the lack of clarity of the Tribe's arguments, the Court will not assume that it fully grasps the Tribe's claims at this early stage and will allow leave to amend.

## IV.   CONCLUSION

Having reviewed the Complaint and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #6, is GRANTED. The Court finds that the above deficiencies can possibly be cured by amendment. Accordingly, Plaintiff's claims are DISMISSED with leave to amend. Plaintiff has thirty (30) days to file an amended complaint. If Plaintiff fail to do so, this case will be closed.

DATED this 12th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7